# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**ALEXANDER NEIL JONES**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:09-CR-270**

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant was at the RRC still serving the end of his prison term when he was caught using marijuana on three occasions.

He was finally released from the Bureau of Prisons on August 22, 2014. On October 2, 2014, defendant was found by the police to be in possession of marijuana and fit the description of a (continued on attachment)

## Part II – Written Statement of Reasons for Detention

I find by clear and convincing evidence that no condition or combination of conditions will assure the defendant will not be a danger to the community based upon his continued drug use and its effect on him as member of that community. Defendant has great potential, but has to take responsibility for his actions and make better choices. While being under the supervision of the Bureau of Prisons and while on supervised release to this court, in a short span of time, defendant has managed to repeatedly get into trouble -- three times with drugs, and once with a domestic dispute involving (continued on attachment)

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 24, 2014

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Alexander Neil Jones
1:09-CR-270
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) -** (continued)

man selling marijuana in a park.  As a result, his conditions of supervised release were modified on October 23, 2014 by Judge Maloney so that he would spend an additional four months at the RRC.  While this modification was being processed by the Bureau of Prisons, defendant was involved with a domestic altercation with his pregnant girlfriend.  He states he does not remember the police being called, but they questioned both him and his girlfriend.  The altercation arose from defendant seeing an older (by 18 years) woman who somehow "persuaded" him to use cocaine.  He claims this is the first and last time in his life he has ever used coke, although he was involved in the manufacture and delivery of cocaine when he was 17.

Sometime between October 23rd and October 31st, defendant possessed and used cocaine, having tested positive for it on the latter date.

Defendant is not a flight risk, having given his word to the Court that he would attend his grandmother's funeral and return, which he did, over the weekend as scheduled.  It is this level of responsibility defendant needs to display on a *consistent* basis.

**Part II - Written Statement of Reasons for Detention -** (continued)

the police.  Defendant is about to become a father.  He is a very tall, good-looking individual, with a gentle demeanor.  As such, he is one of those individuals favored by nature to immediately have a positive impact on people he meets.  People will instinctively regard him as a leader, at least until his actions prove otherwise.  He must learn to "stay at home" and take responsibility for himself, rather than squander his gifts trying to live the fast life "on the street."  When his mental maturity reaches his physical maturity, he can probably become quite a remarkable person; at this point, however, he has not shown by clear and convincing evidence (a very high standard) that he will not continue to mix bad choices with good ones in his personal life, as he awaits the revocation hearing before Judge Maloney.